UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES OF AMERICA,               )
                                        )
        v.                              )
                                        )        Criminal No. 04-0358 (PLF)
BRITTIAN PERRY DAY,                     )
                                        )
            Defendant.                  )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Brittian Perry Day's motion for

release pending appeal pursuant to 18 U.S.C. § 3143(b).  On April 20, 2005, after a jury trial,

defendant was found guilty on all 22 counts of the indictment filed against him:  six counts of

mail fraud under 18 U.S.C. § 1341; ten counts of wire fraud under 18 U.S.C. § 1343; five counts

of theft or embezzlement from an employee benefit plan under 8 U.S.C. § 664; and one count of

fraud in the first degree under D.C. Code §§ 3221 and 3222.  On April 6, 2006, the Court

sentenced Mr. Day to 108 months' incarceration, followed by three years' supervised release.

The defendant filed a notice of appeal on April 17, 2006.

The relevant provision of the Bail Reform Act of 1984 states that the Court

shall order that a person who has been found guilty of an offense
and sentenced to a term of imprisonment, and who has filed an
appeal or a petition for a writ of certiorari, be detained, unless the
judicial officer finds (A) by clear and convincing evidence that the
person is not likely to flee or pose a danger to . . . the community
. . . and (B) that the appeal is not for the purpose of delay and raises
a substantial question of law or fact likely to result in:  (i) reversal,
(ii) an order for a new trial, (iii) a sentence that does not include a
term of imprisonment, or (iv) a reduced sentence to a term of

imprisonment less than the total of the time already served plus the
expected duration of the appeal process.

18 U.S.C. § 3143(b).  The government has never contended, and does not now argue, that Mr.

Day is likely to flee, that he poses a danger to the community, or that his appeal was filed for

purposes of delay.  Nonetheless, the Court denies Mr. Day's motion for release because his

appeal (as portrayed in his motion for bond) does not raise a substantial question of law or fact

likely to result in reversal, a new trial, or a reduced sentence of imprisonment.

       In considering a motion for bond pending appeal under 18 U.S.C. § 3143(b), the

district court must follow a two-part inquiry:  (1) Does the appeal raise a substantial question?

(2) If so, would the resolution of that question in the defendant's favor be likely to lead to

reversal?  See United States v. Perholtz, 836 F.2d 554, 555 (D.C. Cir. 1988) (per curiam).  A

substantial question is "a 'close' question or one that very well could be decided the other way."

Id.  The sole ground for appeal raised in Mr. Day's motion for bond pending appeal is the Court's

exclusion of four expert witnesses proffered by the defendant to testify as to Mr. Day's inability,

as a result of medical and psychiatric conditions, to form the *mens rea* (specific intent) required

for a mail or wire fraud conviction.  The Court excluded the first three of these witnesses, Drs.

Abbas Alavi, Arthur M. Horton, and Edgar Garcia-Rill, after a three-day hearing, on February 24,

2005.  The Court excluded the final witness, Dr. Michael Spodak, after a two-day hearing, on

March 25, 2005.[1]

---

[1]       The reasons underlying the Court's decisions were explained briefly in the Orders
excluding the witnesses, and more expansively in open court.

### A.  Exclusion of Drs. Alavi, Horton, and Garcia-Rill

The first three experts proffered by the defendant and excluded by the Court were Dr. Abbas Alavi, a professor of radiology and nuclear medicine; Dr. Arthur M. Horton, a neuropsychologist; and Dr. Edgar Garcia-Rill, a neuroscientist.  Defendant proposed to use the testimony of these three witnesses to negate the *mens rea* element of the charged crimes by showing that, because of depression and the long-term effects of strokes and "transient ischemic attacks," Mr. Day was unable to formulate the specific intent required to commit the charged offenses.  Accepting defendant's argument that this is a legally recognized defense, the Court conducted a Daubert hearing on February 18 and February 23, 2005 to consider the admissibility of the proffered testimony and heard oral argument on the issue on February 24, 2005.

On February 25, the Court issued an Order rejecting the proffered expert testimony on two related grounds:  First, the Court concluded that the testimony was unreliable and unhelpful under Rule 702 of the Federal Rules of Evidence and the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).  The defendant's key witness, Dr. Garcia-Rill, is not a medical doctor but a research scientist, and thus was unqualified to render a diagnosis of any psychiatric or medical condition from which Mr. Day might have been suffering at the time he committed the charged offenses.[2]  Second, the proffered testimony failed to meet the standards governing the limited circumstances in which expert testimony as to

---

[2]    The other two witnesses, Dr. Alavi and Dr. Horton, did not purport to offer any diagnosis of Mr. Day, but simply reported and explained the results of examinations (a P.E.T. scan and a battery of neuropsychological tests) they had conducted on him.  Their expert testimony thus did not stand alone; rather, Dr. Garcia-Rill incorporated their results into his "diagnosis" of Mr. Day.

*mens rea* is permissible, as articulated by the D.C. Circuit in <u>United States v. Childress</u>, 58 F.3d

693, 728 (D.C. Cir. 1995).

      Defendant's appeal of this decision does not raise a "substantial question of law"

under 18 U.S.C. § 3143(b) because the Court accepted the legal theory underlying defendant's

*mens rea* defense.  <u>See</u>, <u>e.g.</u>, 2/23/05 Transcr. at 137:12-21.  In fact, it instructed the jury on that

theory at the conclusion of the trial.[3]  In addition, while excluding the experts, the Court

permitted defendant to present at trial lay witnesses who testified that they had witnessed a

decline in Mr. Day's mental functioning in recent years.

      The Court excluded the proffered expert testimony not on the basis of its

resolution of a pure question of law, but on its consideration of the reliability of the expert

testimony and expert reports, the relevance of this particular testimony to a legally acceptable

theory of lack of *mens rea*, and its potential usefulness in helping the jury determine ultimate

issues of fact.  <u>See</u> <u>United States v. Childress</u>, 58 F.3d 693; <u>United States v. Pohlot</u>, 827 F.2d 889

(3d Cir. 1987); <u>United States v. Mezvinsky</u>, 206 F. Supp. 2d 661 (E.D. Pa. 2002).  These

questions required close attention to the proffered testimony and careful analysis of the

---

[3]    The jury was instructed on "Defendant's Theory of the Case" as follows:

    Defendant's theory of the case is that the evidence presented by the
prosecution has not proved beyond a reasonable doubt that Mr.
Day was able to form the specific intent to commit the crimes with
which he is charged, given the emotional confusion caused by the
deaths of his partner, James Apicella, and many of his friends, and
the illness of Michael Burns, and the physical damages he suffered
from strokes in 1996, 1999 and 2000, and that the evidence
presented by the prosecution was insufficient to prove beyond a
reasonable doubt the remaining elements of the crimes with which
Mr. Day is charged in the counts of the superseding indictment.

4

applicable standards under Childress and other cases, but the ultimate decision to exclude the proffered evidence was not a "close" one.  See United States v. Perholtz, 836 F.2d at 555. Whatever relevance the proffered testimony might have had was significantly outweighed by its lack of reliability and potential to confuse the jury or induce it to consider an impermissible "diminished responsibility" defense.  See United States v. Childress, 58 F.3d at 739.

Evidentiary determinations such as this one are reviewed by the court of appeals for abuse of discretion, and thus are less likely to result in reversal on appeal than a district court's resolution of an issue of law which is reviewed *de novo*.  See Kumho Tire v. Carmichael, 526 U.S. 137, 141-42 (1999) (citing General Electric Co. v. Joiner, 522 U.S. 136, 143 (1997)) (district court's decision to exclude testimony under Daubert is reviewed for abuse of discretion); United States v. Childress, 58 F.3d at 728; United States v. Clarke, 24 F.3d 257, 268 (D.C. Cir. 1994) (trial court has "broad discretion regarding the admission or exclusion of expert testimony, and reversal of a decision on these matters is appropriate only when discretion has been abused"). Because defendant's appeal on this issue does not raise a "substantial" question of law or fact likely to result in reversal, defendant is not entitled to bond on this basis.

### B.  Exclusion of Dr. Spodak

On March 28, 2005, the Court excluded the proffered expert testimony of Dr. Michael Spodak, a forensic psychiatrist who examined Mr. Day and concluded that from 1999 through 2004, Mr. Day had suffered from psychiatric or neuropsychiatric conditions that impaired his critical judgment and ability to make complex plans and decisions.  Defendant first announced his intent to proffer this testimony on March 13, 2005, and did not make Dr. Spodak's

expert report available to the government and to the Court until March 17, 2005.  Trial was

scheduled to begin on March 29.  The government filed a motion to strike Dr. Spodak's

testimony, and the Court held a <u>Daubert</u> hearing on March 21, 24 and 25, 2005.

       The Court excluded Dr. Spodak's testimony on two grounds:  First, the defendant

had failed manifestly to comply with Rule 16(b)(1)(C)(ii) of the Federal Rules of Criminal

Procedure, which requires a defendant to provide, on the government's request, a written

summary of expert testimony the defendant intends to use at trial.  The Court concluded that,

under the circumstances, exclusion of the evidence was an appropriate sanction for defendant's

non-compliance with the Rule.  Alternatively, the Court again found that the proffered evidence

was inadmissible under <u>United States v. Brawner</u>, 471 F.2d 969 (D.C. Cir. 1972), and <u>Childress</u>.

<u>See</u> Order of March 29, 2005.

       Unlike Dr. Garcia-Rill, Dr. Spodak was qualified to render a medical diagnosis of

Mr. Day.  Dr. Spodak's exclusion therefore was a somewhat closer question than the exclusion of

the earlier witnesses.  Nonetheless, the Court's balancing of the relevance and helpfulness of the

evidence against its potential to confuse the jury is, in the Court's mind, not a question "that very

well could [have been] decided the other way."  <u>United States v. Perholtz</u>, 836 F.2d at 555.

Furthermore, even if the exclusion of Dr. Spodak under <u>Brawner</u> and <u>Childress</u> raises a

"substantial" question, a favorable ruling on appeal on that issue would not "be likely to lead to

reversal" under 18 U.S.C. § 3143(b), because the <u>primary</u> ground for exclusion was defendant's

failure to comply with Rule 16.  While not undertaken lightly, the imposition of the sanction of

exclusion is a discretionary determination that in this case was entirely appropriate (and which

defendant does not purport to challenge on appeal).  <u>See</u> <u>United States v. Johnson</u>, 970 F.2d 907,

912 (D.C. Cir. 1992) (exclusion of witness proffered by criminal defendant as a discovery

sanction was decision within trial court's discretion) (citing <u>Taylor v. Illinois</u>, 484 U.S. 400

(1988)).  Therefore, defendant's appeal of the exclusion of Dr. Spodak's testimony is insufficient

to justify defendant's request for bond.[4]  Accordingly, it is hereby

    ORDERED that [96] defendant's motion for release pending appeal is DENIED.

    SO ORDERED.


          /s/_____
          PAUL L. FRIEDMAN
          United States District Judge

DATE: May 8, 2006

---

[4]  On May 4, 2006, defendant filed a supplement to his motion for release pending appeal, asserting that he has a "strong" issue on appeal based on the Supreme Court's May 1, 2006 holding in <u>Holmes v. South Carolina</u>, 2006 U.S. LEXIS 3454 (U.S. 2006).  The Court disagrees.  While <u>Holmes</u> reiterates the principle that the Constitution "prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote," <u>id.</u> at *14, it also states explicitly that "well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury."  <u>Id.</u>  "[T]he Constitution permits judges 'to exclude evidence that is repetitive . . ., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'"  <u>Id.</u> at *15 (quoting <u>Crane v. Kentucky</u>, 476 U.S. 683, 690 (1986)) (modifications in original).  The standards articulated in <u>Childress</u> and <u>Brawner</u> constitute just such a "well-established rule of evidence," and defendant's appeal on this ground – if he chooses to pursue it – does not raise a substantial question of law.

7